IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GURPREET SINGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| FIVE RIVER TRANSPORT LLC, | ) |
| | ) |
| **Serve:** Pavitar S. Grewal | ) |
| 4703 Roundtree Court | ) |
| Shawnee, Kansas 66226 | ) |
| | ) |
| *and* | ) |
| | ) |
| GAGANDEEP KAKKAR, | ) |
| | ) |
| **Serve:** Gagandeep Kakkar | ) |
| 8918 Quail Ridge Lane | ) |
| Lenexa, Kansas 66220 | ) |
| | ) |
| *and* | ) |
| | ) |
| PAVITAR S. GREWAL, | ) |
| | ) |
| **Serve:** Pavitar S. Grewal | ) |
| 8918 Quail Ridge Lane | ) |
| Lenexa, Kansas 66220 | ) |
| | ) |
| Defendants. | ) |

## **VERIFIED COMPLAINT**

Plaintiff Gurpreet Singh (hereinafter "Plaintiff"), through the undersigned counsel, states and alleges for his causes of action against Defendants Five Rivers Transport, LLC (hereinafter "Five Rivers"), Gagandeep Kakkar (hereinafter "Kakkar"), and Pavitar S. Grewal (hereinafter "Grewal"):

1

## PARTIES

1. Plaintiff Gurpreet Singh is a registered foreign worker who resides in Mission, Kansas.

2. At all times relevant to this action Plaintiff was employed by Five Rivers and supervised by Kakkar.

3. Defendant Five Rivers Transport, LLC is a Kansas Limited Liability Company authorized and doing business in the State of Kansas and is owned by Kakkar and Grewal whose resident agent is Grewal with a registered office is 4703 Roundtree Court, Shawnee, Kansas, 66226.

4. Defendant Gangandeep Kakkar, a resident of Kansas, resides at 5909 Longview Street, Shawnee, Kansas 66218 to the best of Plaintiff's Knowledge. The Kansas Secretary of State's office lists Kakkar's current mailing address as 8918 Quail Ridge Lane, Lenexa, Kansas, 66220.

5. Defendant Pavitar S. Grewal is a resident of the State of Kansas, who shows a current mailing address as 8918 Quail Ridge Lane, Lenexa, Kansas, 66220.

## JURISDICTION AND VENUE

6. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 5 above as if fully set forth herein.

7. This Court has federal subject matter jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 because it arises under the Trafficking Victims Protection Reauthorization Act (18 U.S.C. §§ 1589 *et. seq.*), and the Fair Labor Standards Act (29 U.S.C. §§ 201 *et. seq.*).

8. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are so related to the claims brought by the Plaintiff under federal

law that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over the parties to this action because the Plaintiffs have subjected themselves to the jurisdiction of this Court, and over the Defendants' pursuant to Kan. Stat. Ann. § 50-638 and 28 U.S.C. § 1391, because they reside and or do business in this district and Five Rivers is registered to do business in the State of Kansas, has offices in this judicial district, and would be subject to personal jurisdiction in this Court's judicial district if the Court's judicial district were a separate state.

10. This is an action involving claims, which are in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

11. Venue is proper by virtue of 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Court's judicial district, and the Defendants are subject to the Court's personal jurisdiction with respect to this civil action.

12. Defendants are engaged in interstate commerce.

## GENERAL ALLEGATIONS AS TO ALL COUNTS

13. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 12 above as if fully set forth herein.

14. Plaintiff met Kakkar in Oklahoma in the spring of 2018 when he was working for Gill Truck Wash.

15. Kakkar offered Plaintiff employment as a mechanic at Five Rivers for four thousand dollars a month.

16. On or about May 18, 2018, Kakkar sent a driver to Oklahoma to deliver Plaintiff to Five Rivers to start work as a mechanic on or about May 20, 2018.

17. Kakkar indicated in addition to Plaintiff's salary, Five Rivers would file his taxes and provide housing at Five Rivers facility in Kansas City, Kansas.

18. It soon became apparent that Kakkar individually and as an agent/owner of Five Rivers was not going to pay Plaintiff any wage.

19. Plaintiff does not speak any English. His native tongue is Punjabi.

20. Plaintiff was not allowed to leave the premises of Five Rivers' facility.

21. Plaintiff's movements were monitored by security cameras. He often was watched by Kakkar's father-in-law Balwinder Singh.

22. If work required Plaintiff to leave the Five Rivers facility, he was accompanied by another employee to ensure Plaintiff would return.

23. Plaintiff was told if you leave "we are going to find you and kill you."

24. Every time Plaintiff would mention the issue of payment of his wages he was physically and mentally abused.

25. As Punjabi was his only language, when he had a chance to speak to drivers who also spoke Punjabi when they brought their vehicles in for repair, he would tell them about the abuse and failure by Kakkar and Five Rivers to pay as they promised.

26. After the drivers brought Plaintiff's concern to Kakkar, Kakkar berated and slapped Plaintiff.

27. Plaintiff was directed to not communicate his concerns with anyone outside the business.

28. Plaintiff typically worked from 7:00 AM to 12:00 AM or 2:00 AM everyday with no breaks.

29. On one occasion after working more than sixteen hours, he was ordered to fix a light on a truck. When he refused, he was beaten and denied being taken to a hospital.

30. Plaintiff was assured that Kakkar and Five Rivers were saving his money for him, and they fraudulently induced him to sign a Lease to Own Contract for a 1998 Blue, Peterbilt Truck, VIN# 1XP5DB9x1WD454750, for a monthly lease payment of three thousand dollars ($3,000.00).

31. Plaintiff has never possessed a CDL license.

32. Plaintiff has never received any payment associated with the leasing of the Blue, Peterbilt Truck that was leased out to Nava & Gill Transportation LLC located at 4034 Monroe Ave., Kansas City, Missouri.

33. Plaintiff's lodging at the Five Rivers facility was a small one room with just a bed.

34. In November of 2020, Plaintiff was informed he would have to leave the room where he was staying and to find other accommodations by living in the semi-trucks on defendants' property. Without any heat, through the winter, he lived in this arrangement for almost nine months.

35. Often, other drivers or members of a Sikh temple would bring him food as he was prohibited from leaving the facility at Five Rivers.

36. On August 11, 2021, Plaintiff was instructed to leave the premises as Defendants had hired new Hispanic workers to replace him.

37. On August 11, 2021, Plaintiff asked for proof of a medical card that represented the coverage Defendants said they purchased. He was physically assaulted by Defendant's agents and employees.

## CAUSES OF ACTION

### COUNT I
### Civil Action Under Federal Law for Forced Labor and Violation of the Trafficking Victims Protection Reauthorization Act
### 18 U.S.C. § 1589 and § 1595
### (Plaintiff against all Defendants)

38. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 37 above as if fully set forth herein.

39. It is a violation of the Trafficking Victims Protection Reauthorization Act (hereinafter the "TVPRA") to "knowingly provide[] or obtain[] the labor of a person…(2) by means of serious harm or threats of serious harm…; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm…." 18 U.S.C. § 1589(a).

40. The TVPRA defines "serious harm" to include physical as well as nonphysical harm, "including psychological, financial, or reputational harm, that is sufficiently serious…to compel a reasonable person of the same background and in the same circumstances to preform or to continue performing labor or services in order to avoid incurring that harm." *Id*. § 1589(c)(2).

41. Defendants obtained the labor of Plaintiff through threats of serious harm, confinement, and physical restraint.

6

42. Defendants' use of such means to obtain the labor of Plaintiff was knowingly and intentional. It is a violation of the TVPRA to "knowingly benefit" from participation in a venture which obtains labor in violation of the TVPRA, while "knowing or in reckless disregard of the fact" that the venture has obtained labor through such means. 18 U.S.C. § 1589(b).

43. Defendants have knowingly benefited from its participation in the forced labor described herein by earning substantial profits.

44. Defendants knew or recklessly disregarded the fact that the efforts described herein engaged in obtaining Plaintiff's force labor.

45. Plaintiff suffered damages as a result of Defendants' conduct. Those damages include financial, emotional, and other damages.

46. Plaintiff is entitled to compensatory and punitive damages and restitution in amounts to be determined at trial, together with reasonable attorneys' fees and the cost of this action.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment against Defendants for all allowable damages, including back pay, front pay, compensatory and punitive damages, restitution, amounts to be determined at trial, together with reasonable attorneys' fees and the costs of this action, interest, including pre-judgment interest, and for such other and further relief as the Court may deem just and proper. Plaintiff further demands a trial by jury.

**COUNT II**
**Civil Action Under Kansas Law for Victims of Human Trafficking**
**K.S.A. §§ 60-5003**
**(Plaintiff against all Defendants)**

47. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants intentionally recruited, harbored, transported, or obtained Plaintiff for labor or services through the use of force, fraud, deception, or coercion for the purpose of subjecting Plaintiff through their involuntary servitude and/or forced labor.

49. Defendants knowingly and intentionally coerced Plaintiff's employment or service by causing or threatening to cause physical injury to and/or abusing or threating to abuse the law or legal process to Plaintiff's detriment.

50. Plaintiff suffered economic damages, personal and psychological injuries, and physical pain and suffering, due to the conduct of the Defendants, in an amount to be determined at trial.

51. Plaintiff is also seeking payment of his attorney's fees pursuant to K.S.A. § 60-5003(d).

WHEREFORE, pursuant to K.S.A. § 60-5003, Plaintiff respectfully ask this Court to award actual damages, exemplary damages, punitive damages, injunctive relief, interest, including pre-judgment interest, reasonable attorney's fees, and cost, and any such relief as may be deemed just and proper.

### COUNT III
### Violation of The Fair Labor Standards Act
### 29 U.S.C. § 201 *et. seq.*
### (Plaintiff against all Defendants)

52. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 51 above as if fully set forth herein.

53. It is a violation of the Fair Labor Standards Act (hereinafter the "FLSA") to not pay a minimum wage of $7.25 to an employee.

54. It is a violation of the FLSA to not pay overtime for hours worked in excess of forty (40) per week to an employee.

55. At all times relevant to this action Defendants acted as Plaintiff's "employer within the meaning of 29 U.S.C. § 203(d).

56. At all times relevant to this action Plaintiff was an "employee" of the Defendants within the meaning of 29 U.S.C. § 203(d).

57. At all times relevant to this action Plaintiff was employed by the Defendants to engage in commerce within the meaning of 29 U.S.C. § 206.

58. At all times relevant to this action, Defendants failed to pay Plaintiff a minimum wage in violation of 29 U.S.C. § 206.

59. Defendants failed to pay Plaintiff for hours worked over forty (40) per week, constituting overtime wages, a violation of 29 U.S.C. § 206.

60. The Defendants' failure to pay the minimum required compensation constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 215.

61. Plaintiff brings this claim for relief pursuant to 29 U.S.C. § 216.

62. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has been deprived of the wages due to him by contract or otherwise, in an amount to be determined at trial.

63. Plaintiff suffered damages in the form of lost wages.

64. Plaintiff is entitled to compensatory damages, liquidated damages, and restitution in amounts to be determined at trial, together with reasonable attorneys' fees and the costs of this action.

65. As Plaintiff's employer, Defendants are liable to Plaintiff for unpaid wages, reasonable attorneys' fees, the costs of this action, and any other appropriate relief under the FLSA.

66. Plaintiff is also seeking payment for their attorneys' fees pursuant to 29 U.S.C.A. § 216(b).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment against Defendants for all allowable damages, including back pay, front pay, overtime pay, compensatory and punitive damages, restitution, whose amounts are to be determined at trial, together with reasonable attorneys' fees and the costs of this action, interest, including pre-judgment interest, and for such other and further relief as the Court may deem just and proper.

## COUNT IV
### Unjust Enrichment/Quantum Meruit
**(Plaintiff against all Defendants)**

67. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 66 above as if fully set forth herein.

68. The benefit of Plaintiff's labor was conferred upon Defendant based on the promise of employment paying a monthly salary of Four-Thousand Dollars ($4,000.00).

69. Defendants had knowledge of the benefit conferred on them from the Plaintiff.

70. Defendants had appreciation of the benefit conferred on them from the Plaintiff.

71. Defendant were aware of the benefit conferred on them from the Plaintiff.

72. Defendants retained that benefit without compensating the Plaintiff for the benefits he conferred on the Defendants.

73. Defendants failed to pay Plaintiff for his labor.

74. Plaintiff has suffered damage in the form of lost wages and benefits.

75. Mean hourly wages for a *Bus and Truck Mechanics and Diesel Engine Specialist* according to the U.S. Bureau of Labor Statistics, for Kansas, is $23.49.

76. Plaintiff is entitled to restitution in an amount of $23.49 per hour in an amount to be determined at trial.

77. Plaintiff has never received any payment associated with the leasing of the Blue, Peterbilt Truck that was leased out to Nava & Gill Transportation LLC located at 4034 Monroe Ave., Kansas City, Missouri.

78. Defendants' retention of the above referenced benefits the Plaintiff conferred on them without paying the Plaintiff fair compensation is inequitable and unjust.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment against Defendants and award Plaintiff for all allowable damages, compensatory and punitive damages, restitution, whose amounts are to be determined at trial, together with reasonable attorneys' fees and the costs of this action, interest, including pre-judgment interest, and for such other and further relief as the Court may deem just and proper.

### COUNT V
### Intentional Infliction of Emotional Distress
### (Plaintiff against all Defendants)

79. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 78 above as if fully set forth herein.

80. The Defendants acted towards Plaintiff in an intentional and/or reckless manner by forcing Plaintiff through coercion and deception to work long hours without compensation and by physically attacking and beating the Plaintiff on numerous occasions.

81. The conduct of the Defendants' human trafficking, forced labor, and physical attacks on the Plaintiff, were extreme and outrageous.

82. The conduct of the Defendants caused Plaintiff to suffer severe emotional distress.

83. The emotional distress caused by the Defendants is medically diagnosable and so significant as to require medical treatment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment against Defendants for all allowable damages, including punitive damages, plus interest, including all attorneys' fees incurred in prosecuting this action, and for such other and further relief as the Court may deem just and proper.

## COUNT VI
### Negligent Inflection of Emotional Distress
### (Plaintiff against all Defendants)

84. Plaintiff re-alleges, repeats, and incorporates by reference Paragraphs 1 through 83 above as if fully set forth herein.

85. Defendants acted negligently and/or carelessly in subjecting him to a culture that trafficked him and forced him to work without compensation.

86. The Defendants acted towards Plaintiff in an outrageous and reckless manner.

87. The Defendants' conduct was extreme and outrageous.

88. The conduct of the Defendants caused Plaintiff to suffer severe emotional distress.

89. The emotional distress caused by the Defendants is medically diagnosable and so significant as to require medical treatment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment against Defendants for all allowable damages, including punitive damages, plus interest, including all attorneys' fees incurred in prosecuting this action, and for such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment in her favor against Defendant Five Rivers Transport, LLC, Defendant Gagandeep Kakkar, and/or Pavitar S. Grewal, for all allowable damages, including as follows:

a) Compensatory and special damages to be determined at trial;

b) Unpaid wages including back pay, front pay, and overtime premiums to be determined at trial;

c) Statutory penalties and liquidated damages;

d) Punitive and exemplary damages;

e) Pre- and post- judgment interest;

f) Reasonable attorneys' fees and costs; and

g) Such other and further relief as this court deems just and proper.

## JURY DEMAND

The Plaintiff hereby demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

The Plaintiff, by and through the undersigned counsel, designate Kansas City, Kansas as the appropriate place for trial of the matter.

Dated: January 5, 2023.

                                          Respectfully submitted,

                                          */s/ Gurpreet Singh*
                                          Gurpreet Singh, Plaintiff

                                          **GRISSOM MILLER LAW FIRM, LLC**

                                          */s/ Barry R. Grissom*
                                          Barry R. Grissom # 10866
                                          Jacob D. Miller D. Kan. #78954
                                          *Grissom Miller Law Firm, LLC*
                                          1600 Genessee Street, St. 460
                                          Kansas City, MO 64102
                                          T – (816) 336-1213
                                          F - (816)384-1623
                                          barry@grissommiller.com
                                          jake@grissommiller.com

                                          ATTORNEYS FOR THE PLAINTIFF

## VERIFICATION

I, Gurpreet Singh, am the plaintiff in the above-captioned action. I am forty-two (42) years old and am of sound mind and body to make this verification. I have read the foregoing Complaint, and fully understand the factual allegations, and also understand the legal claims I am asserting in this action. I verify under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2023

*Gurpreet Singh*
Gurpreet Singh, Plaintiff